UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. _____

HISCOX INSURANCE COMPANY INC.,

    Plaintiff,

v.

NIDAL RADWAN, RANIA RADWAN, OMEGA 1 TS INC., HALA ELMORSHEDY and TARAK SOLIMAN,

    Defendants.
_____/

**COMPLAINT FOR DECLARATORY RELIEF**

    Plaintiff, HISCOX INSURANCE COMPANY INC. ("Hiscox"), hereby files this Complaint for Declaratory Relief against Defendants, NIDAL RADWAN ("Nidal"), RANIA RADWAN ("Rania") (Nidal and Rania are collectively "Radwans" or "Claimants"), OMEGA 1 TS INC. ("Omega 1"), HALA EMORSHEDY ("Hala") and TARAK SOLIMAN ("Tarak") (Omega 1, Hala and Tarak are collectively the "Omega 1 Defendants"), and alleges the following:

**NATURE OF ACTION**

    1.    This is an action for declaratory relief pursuant to 28 U.S.C. § 2201.

**JURISDICTION, VENUE AND PARTIES**

    2.    The United States District Court for the Southern District of Florida has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is a complete diversity of citizenship between the Plaintiff, Hiscox, and each of the Defendants, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

CASE NO. _____

3. Venue is proper in the United States District Court for the Southern District of Florida because this district is where the events giving rise to the "Underlying Action" (as defined below) accrued and Proceedings Supplementary remain pending.

4. Plaintiff, Hiscox, is an Illinois corporation with its principal place of business in Chicago, Illinois.

5. Defendant, Nidal, is a Florida citizen.

6. Defendant, Rania, is a Florida citizen.

7. Defendant, Omega 1, is a Florida corporation with its principal place of business in Tamarac, Florida.

8. Defendant, Hala, is a Florida citizen.

9. Defendant, Tarak, is a Florida citizen.

10. All conditions precedent to the filing of this Complaint for Declaratory Relief have occurred, been performed, or have been waived.

## COMMON GENERAL ALLEGATIONS

## THE UNDERLYING ACTION

11. On October 31, 2022, the Claimants filed a lawsuit for damages against the Omega 1 Defendants in the Circuit Court of the Seventheenth Judicial Circuit in and for Broward County, Florida, bearing case number CACE22016181 (the "Underlying Action"). A copy of the Underlying Action Complaint in the Underlying Action is attached as **Exhibit A.**

12. In the Underlying Action Complaint, the Claimants allege that the Omega 1 Defendants represented that they were licensed contractors who would use due care and perform a list of work at the Claimants' Broward County home, including, but not limited to, kitchen renovations, renovations to the home entrance, and additional work include repairing flooring,

CASE NO. _____

bathroom sinks, installing windows, removing a fireplace, with a December 12, 2020 work competition date.

13. In the Underlying Action Complaint, the Claimants allege that the scope of work "understanding" (i.e. contract) was confirmed by a writing attached to the Underlying Action Complaint as Exhibit 1.

14. Exhibit 1 to the Underlying Action Complaint is dated November 2, 2020, and was signed by Nidal on November 2, 2020.

15. In the Underlying Action Complaint, the Claimants allege that the Omega 1 Defendants failed to secure the permits and inspections required to perform the work, and the work performed was not done timely, was done improperly, and was done without the due care required to be employed for the performance of the work.

16. In the Underlying Action Complaint, the Claimants assert one cause of action sounding in Negligence. The Claimants allege that the Omega 1 Defendants were required to and had a duty to perform their work timely and with due care. However, the Claimants allege that the Omega 1 Defendants negligently failed to timely and properly perform their work.

17. In the Underlying Action Complaint, the Claimants allege damages including the loss of use of their home and seek compensatory damages including damages for loss of rentals and attorney's fees from the Omega 1 Defendants.

## THE HISCOX POLICY

18. Hiscox first issued an insurance policy to "Omega 1 Remodeling" as its named insured, policy number UDC-4282555-CGL-19, with a policy period of September 25, 2019 to September 25, 2020 (the "First Hiscox Policy"). A copy of the First Hiscox Policy is attached as **Exhibit B.**

CASE NO. _____

19. By endorsement effective October 9, 2019, the First Hiscox Policy was amended to include Omega 1 as the named insured. A copy of Endorsement 20 to the First Hiscox Policy, entitled "Policy Changes" (form CGL E5410 CW (03/10)) is attached as **Exhibit C.**

20. Hiscox issued a second insurance policy to Omega 1 as its named insured, policy number UDC-4282555-CGL-20, with a policy period of September 25, 2020 to September 25, 2021 (the "Second Hiscox Policy"). The Second Hiscox Policy was issued as a renewal to the First Hiscox Policy.

21. Both the First Hiscox Policy and the Second Hiscox Policy each contain a Commercial General Liability Coverage Form.

22. On September 11, 2020, Hiscox issued a Notice of Cancellation of Insurance relative to Omega 1, relative to the Second Hiscox Policy, effective September 30, 2020, for nonpayment of premium. A copy of the Hiscox Notice of Cancellation of Insurance is attached as **Exhibit D.**

23. By endorsement effective September 30, 2020, the Second Hiscox Policy was cancelled. A copy of Endorsement 20 to the Second Hiscox Policy entitled "Cancellation" (form CGL E5406 CW (03/10)) is attached as **Exhibit E.**

24. The First Hiscox Policy and the Second Hiscox Policy provide coverage in relevant part as follows:

> **SECTION I – COVERAGES**
>
> **COVEAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> 1. **Insuring Agreement**
>
>     a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance apples…
>
> \*   \*   \*

CASE NO. _____

    b.    This insurance applies to "bodily injury" and "property damage" only if:

        (2)    The "bodily injury" or "property damage" occurs during the policy period; …

\*   \*   \*

## REQUEST FOR DECLARATORY RELIEF

25. Hiscox did not defend the Omega 1 Defendants in connection with the Underlying Action.

26. On March 31, 2023, the Claimants obtained a Final Default Judgment against the Omega 1 Defendants for the sum of $143,750.00, plus interest. A copy of the Final Default Judgment is attached as **Exhibit F.**

27. On May 25, 2023, the Claimants obtained a Final Judgment as to Attorney Fees and Costs against the Omega 1 Defendants following the Claimants' Motion for Attorneys Fees and Costs, in the amount of $7,341.00, plus interest. A copy of the Final Judgment as to Attorney Fees and Costs is attached as **Exhibit G.**

28. On May 16, 2023, the Claimants moved for proceedings supplementary for execution, Hiscox, and other insurers.

29. On June 12, 2023, the court presiding over the Underlying Action entered an Order Granting Proceeding Supplementary and Notice to Appear for Proceeding Supplementary to Midvale Indemnity Company and Hiscox.

30. Hiscox seeks a declaration that it had no duty to defend and no duty to indemnify the Omega 1 Defendants in connection with the Underlying Action. This is because it is clear that the contract for work and the work performed all occurred after the expiration of the First Hiscox Policy and the cancellation of the Second Hiscox Policy

CASE NO. _____

## **COUNT I – DECLARATORY RELIEF**

31. Hiscox re-alleges and re-avers Paragraphs 1 through 30 above, as if fully set forth herein.

32. Pursuant to the First Hiscox Policy and the Second Hiscox Policy, Hiscox will only provide coverage for damages because of "property damage" that occur during the policy period.

33. As per the allegations in the Underlying Action Complaint, any potential damage caused by the Omega 1 Defendants could have only occurred on or after November 2, 2020 – which was after the First Hiscox Policy and Second Hiscox Policy were no longer effective.

34. Accordingly, as per the allegations in the Underlying Action Complaint, there is no coverage under the First Hiscox Policy and the Second Hiscox Policy because there is no duty to defend and/or there is no duty to indemnify the Omega 1 Defendants.

35. There exists a bona fide actual, present, and practical need for the declaration of coverage under the First Hiscox Policy and the Second Hiscox Policy and the rights and obligations of Hiscox.

36. The rights and obligations of Hiscox under the First Hiscox Policy and the Second Hiscox Policy are dependent upon the facts and the law applicable to the facts affecting coverage under the First Hiscox Policy and the Second Hiscox Policy.

37. Hiscox, the Claimants, and the Omega 1 Defendants each have an actual, present controversy in the subject matter described herein.

**WHEREFORE**, Hiscox respectfully requests that this Honorable Court:

a. Declare that Hiscox has no duty to defend or indemnify the Omega 1 Defendants against the allegations asserted by the Claimants in the Underlying Action; and

CASE NO. _____

  b.  Award Hiscox its costs in prosecuting this action for declaratory relief, as well as all other relief that is equitable, just, and proper under the circumstances.

Dated: February 21, 2024
   West Palm Beach, Florida

             */s/ Dustin C. Blumenthal*
          By: Dustin C. Blumenthal
             Florida Bar No. 083799
             E-mail: dblumenthal@goldbergsegalla.com

             **GOLDBERG SEGALLA LLP**
             500 S. Australian Ave., Ste. 1000
             West Palm Beach, FL 33401
             Tel: (561) 618-4485
             Fax: (561) 618-4549

             *Counsel for Hiscox Insurance Company Inc.*