UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-60287-LEIBOWITZ

**HISCOX INSURANCE COMPANY,**

 *Plaintiff*,

v.

**NIDAL RADWAN, et al.,**

 *Defendants.*
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Partially Unopposed Motion for Dismissal [ECF No. 54] (the "Motion"), filed on October 22, 2024. In the Motion, Plaintiff, Hiscox Insurance Company ("Hiscox"), seeks court permission to voluntarily dismiss this declaratory judgment action pursuant to Federal Rule of Civil Procedure 41(a)(2). [*Id.*]. After due consideration, the Motion is due to be granted for the reasons set forth below.

### BACKGROUND FACTS

On February 21, 2024, Hiscox commenced this action for declaratory relief, seeking a declaration as to its duties to defend and indemnify its insureds Defendants Omega 1 TS Inc., Hala Elmorshedy, and Tarak Soliman (the "Omega 1 Defendants") in connection with an underlying action filed by Nidal Radwan and Rania Radwan (collectively the "Claimants") and the default final judgment rendered in the Claimants favor against the Omega 1 Defendants. [ECF No. 1]. On September 20, 2024, Hiscox filed a Notice of Settlement, informing the Court that Hiscox and Claimants had reached a settlement. [ECF No. 52]. In the instant Motion, Hiscox represents that the settlement with Claimants "resolves Hiscox's participation as a potential judgment debtor in the proceedings supplementary of the underlying action and provides Claimants with a certain amount of monetary

consideration, which would act as both a set-off towards the Omega 1 Defendants pending judgment, as well as a preclusion of any claims or damages that could arise under the policies of insurance issued by Hiscox to Omega 1 TS, Inc." [ECF No. 54 ¶ 2]. Furthermore, "Claimants have agreed to file a Notice of Partial Satisfaction of Judgment in the underlying action, to the extent of the settlement amount agreed to[.]" [*Id.* ¶ 3]. Thus, Claimants agree to dismissal of this action. [*Id.* ¶ 5].

The remaining *pro se* Omega 1 Defendants have all but disappeared from these proceedings. A Clerk's default was entered against Omega 1 TS, Inc. on September 4, 2024. [ECF No. 50]. The default was authorized by the Court as a sanction for Omega 1 TS, Inc.'s repeated failure to retain counsel to represent it. [*See* ECF No. 48]. The Court permitted individual Defendants Hala Elmorshedy and Tarak Solimon to proceed *pro se*. [ECF No. 34]. However, in light of these Defendants' inability to formulate an answer to the Complaint [*see* ECF Nos. 36, 46] and the settlements involving the Claimants, Hiscox's decision to dismiss this case against these Defendants appears to make sense.

## LEGAL STANDARD

Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The purpose of Rule 41(a)(2) "is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856 (11th Cir. 1986) (citation and internal quotation marks omitted). A district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Federal Rule of Civil Procedure Rule 41(a)(2). *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (per curiam) (citation omitted). In most cases, a motion for voluntary dismissal should be granted "unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit." *McCants,* 781 F.2d at 857. The crucial question in determining whether to grant a motion for voluntary dismissal is

whether "the defendant [would] lose any substantial right by the dismissal." *Pontenberg*, 252 F.3d at 1255. "A plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation." *McCants*, 781 F.2d at 860 (citations omitted). While the district court should keep in mind the interests of the defendant, the court should also "weigh the relevant equities" and do justice between the parties in each case, "imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id.* at 857 (citations omitted).

## DISCUSSION

In the instant case, *pro se* Defendants Elmorshedy and Solimon—who have hardly participated in the proceedings—will not lose any substantial right. They have not asserted any counterclaims. Indeed, they have not really answered the Complaint. [*See* ECF Nos. 36, 46]. Further, because it took months for the Court to attempt to elicit an Answer from them, no schedule has been entered even though the Complaint was filed on February 21, 2024. Because these Defendants have proceeded *pro se*, they have not been put to "substantial expense" especially since nothing of import has occurred. Consequently, there are no equities to weigh here, and the Motion is due to be granted. *See Kingdomworks Studios, LLC v. Kingdom Story Co., LLC,* No. 19-14238-CIV, 2022 WL 820417, at *1 (S.D. Fla. Feb. 11, 2022) (granting Rule 41(a)(2) Motion) (Martinez, J.). Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

    1.    The Motion to Dismiss pursuant to Rule 41(a)(2) [**ECF No. 54**] is **GRANTED.**

    2.    This case is DISMISSED WITHOUT PREJUDICE.

    3.    The Clerk is DIRECTED to CLOSE this case.

    4.    All pending motions are DENIED AS MOOT.

**DONE AND ORDERED** in the Southern District of Florida this 22nd day of October, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:  counsel of record
Hala Elmorshedy, *pro se*
Tarak Solimon, *pro se*